996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Catherine Gibson PIERCE, Defendant-Appellant.
 No. 92-4090.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1993.
 
 Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9(c). The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Catherine Gibson Pierce appeals her convictions on five counts of wrongfully obtaining student assistance in violation of 20 U.S.C. § 1097(a) and 18 U.S.C. § 2 and five counts of false statements in violation of 18 U.S.C. §§ 1001 and 2, arguing that certain evidence was erroneously admitted against her at trial. We review for abuse of discretion. United States v. Robinson, 978 F.2d 1554, 1561-62 (10th Cir.1992), cert. denied, 61 U.S.L.W. 3714 (U.S. Apr. 19, 1993) (Nos. 92-7324 & 92-7450).
 
 
 3
 * From October 1985 to January 1989, defendant was employed as a financial aid clerk at Davis Area Vocational Center (DAVC), which offers technical training to adults and secondary school students. In her position, defendant was responsible for verifying the eligibility of students seeking federal tuition assistance. Between March 15, 1988, and October 14, 1988, defendant authorized the disbursement by the business office of five Pell Grant checks made payable to DAVC students, even though all of these students had previously terminated their enrollment at DAVC. Each check was endorsed and cashed at Barnes Bank, where both DAVC and defendant maintained accounts, and two of the checks had student identification numbers written on the back. A subsequent audit of the school's records revealed that the five checks were erroneously issued, and defendant was indicted for misappropriating the checks and for making false statements.
 
 
 4
 At trial, the government introduced as evidence the disbursement sheets that accompanied the checks and served as invoices. Each sheet bore the various students' initials, indicating receipt of the checks. However, four of the five individuals testified that they never received the checks, nor had they authorized anyone else to do so on their behalf. The fifth individual did not testify. Bank records indicate that defendant made a cash deposit to her account within seven days of each check being cashed, although defendant offered innocent explanations for four of the five deposits. A government handwriting expert testified that defendant endorsed the five checks; defendant's expert countered that a comparison between defendant's handwriting and the endorsements was inconclusive. The jury convicted defendant on five of six counts of wrongfully obtaining student assistance and five counts of false statements.
 
 II
 
 5
 First, defendant objects to the admission at trial of computer printouts reflecting the attendance of the five persons for whom the checks were issued on the ground that the records contained information on student attendance both before and after the events in question, and therefore exceeded the scope of the indictment. We are not persuaded.
 
 
 6
 Defendant testified that she determined the students' eligibility for federal funds from the computer records, and that numerous people had access to the files and could have changed the information. Further, she testified that the school had experienced computer problems in the past. The government introduced the student records to demonstrate that no discrepancies in the records were present during the relevant period in 1988 or at any other time. Defendant contends that because the printouts were obtained in 1989 or later, they are not probative of the status of the computer records in 1988. However, she offered no evidence that they had been altered in the interim. The records were directly relevant to the issues in the case, and their admission was not erroneous.
 
 
 7
 Second, defendant objects to the admission of prosecution rebuttal testimony concerning defendant's access to the equipment necessary for making student identification cards. Testimony had been presented that such cards were required for both picking up the checks at the business office and for cashing them at Barnes Bank. Further, two checks had student identification numbers written on the back. Defendant's evidence created the inference that the need for identification cards would make misappropriation more difficult, and the government was entitled to rebut that inference by showing that defendant had access to the necessary equipment for making such cards. The government's rebuttal evidence on this issue was properly admitted.
 
 
 8
 Third, defendant alleges that a cross-examination question asked of her by the government required her to give evidence of uncharged crimes. An examination of the particular question, however, belies the apparent gravity of that contention. During her testimony, defendant stated that on occasion she had cashed personal checks at DAVC. On cross-examination, she acknowledged that she cashed such checks at least three or four times per week throughout her employment. The prosecution then asked if she had bounced any of these checks, and she responded that she had. Defendant now asserts that this last answer should have been stricken by the court sua sponte under Fed.R.Evid. 404(b), even though defense counsel failed to object. Because of this failure, we will reverse only for plain error affecting substantial rights. Fed.R.Crim.P. 52(b); United States v. Thody, 978 F.2d 625, 631 (10th Cir.1992).
 
 
 9
 The government argues that the question was not intended to imply a "bad act" on the part of defendant, but was merely designed to give a complete picture of defendant's check-cashing activities at DAVC. We agree. Defendant's argument is also undercut by the fact that this testimony was elicited in relation to the one count on which defendant was acquitted, so any resulting prejudice was obviously minimal. Admission of that question and defendant's subsequent answer was within the court's discretion, and was not plain error.
 
 
 10
 Because we reject defendant's contentions of error, her argument based on cumulative error must likewise fail.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3